UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10187-GAO

JENNIFER ROSE DUMAS,
Plaintiff,

v.

CHRISTOPHER J. SNOW, individually, and as Trustee of Trust U/W/O EVANGELINE
SUTTON, DIANE DUMAS GALLAGHER, MARCIA DUMAS CAVAZZONI, and
SHANNON GALLAGHER,
Defendants.

OPINION AND ORDER
August 23, 2010

O'TOOLE, D.J.

Invoking jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), the plaintiff Jennifer Rose Dumas has brought this action seeking a declaration that she has a current income interest and a contingent remainder interest in a testamentary trust (the "Trust") established by her paternal great-grandmother, Evangeline G. Sutton ("Evangeline"), and to recover damages for breach of fiduciary duty against the successor trustee of the Trust, Christopher Snow ("Snow"). Before the Court are the defendants' motions to dismiss and/or to abstain.

**I.     Background**

In 1980, Evangeline executed a Last Will and Testament which established the Trust. The Trust was to be funded by a commercial office building in Connecticut owned by Evangeline. The Will called for the Trustee to pay Evangeline's daughter, Gloria Dumas ("Gloria"), seventy-five percent of the trust income during her lifetime, and to pay her other daughter, Jean Konefsky ("Jean"), the remaining twenty-five percent income share during her lifetime. Specifically, as relevant here, Article Third of her will provided:

>PARAGRAPH B: To pay seventy-five per cent (75%) of the net income of this trust, at least quarter-annually, to or for the benefit of my daughter, GLORIA SUTTON DUMAS, so long as she shall live; upon her demise, she having survived me, or on my demise, she having not survived me, said income shall be paid to or applied for the benefit of her female issue then living, per stirpes, to the exclusion of my male issue of whatever generation.
>
>PARAGRAPH C: To pay twenty-five percent (25%) of the net income of this trust, at least quarter-annually, to or for the benefit of my daughter, JEAN SUTTON KONEFSKY, so long as she shall live; upon her demise, she having survived me, or on my demise, she having not survived me, said income shall be paid to or applied for the benefit of my female issue then living, per stirpes, to the exclusion of my male issue of whatever generation.
>
>PARAGRAPH D: This trust shall terminate on the demise of my last surviving child and the principal thereof shall be distributed to my then living female issue, per stirpes, to the exclusion of all my male issue of whatever generation.

(Compl. ¶ 13 & Ex. 1, at 2.)

Evangeline died in 1990 and her estate was settled in Barnstable County Probate and Family Court. In November 2000, Snow was appointed as the sole successor trustee. In accordance with the Trust, Snow continued to pay twenty-five percent of the trust income to Jean and seventy-five percent of the trust income to Gloria until her death in November 2007. After Gloria's death, Snow distributed her seventy-five percent share of the trust income to equally Gloria's daughters, Diane Gallagher ("Diane") and Marcia Dumas ("Marcia"). Accordingly, Snow has distributed twenty-five percent of the trust income to Jean and 37.5% of the income to each of Diane and Marcia.

The plaintiff, Gloria's granddaughter and Evangeline's great-granddaughter, claims that she is entitled to twenty-five percent of the trust income as she is "female issue" of both Evangeline and Gloria within the meaning of the Will, despite the fact that she is the daughter of Gloria's son, Alex. (See Compl. ¶ 18.) Snow disagrees, asserting that, on the basis of

Connecticut law, only Diane and Marcia qualify as "female issue" of Gloria, entitled to a share of trust income, and of Evangeline, entitled to share in the ultimate distribution of principal.

The complaint sets forth three counts. Count I alleges breach of fiduciary duty by Snow under Massachusetts General Laws chapter 190B, § 7-201(a)(3), in that he unreasonably determined that the plaintiff was not within the class of "female issue" entitled to a share of income under the Trust and further unreasonably failed to file a petition for instructions in the probate court to obtain an authoritative answer to the question. Counts II and III seek declarations under the Declaratory Judgment Act, 28 U.S.C. § 2201, that the plaintiff is a member of the class of female issue named as beneficiaries of the Trust and is entitled to share as a current income beneficiary and contingent remainder beneficiary under its terms.

## II.     The Probate Exception

The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the plaintiff's claims fall within the so-called "probate exception" to the jurisdiction of the federal courts.

Under the probate exception, federal courts are deemed to lack jurisdiction to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 23 (1st Cir. 2010) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)). In Markham, the Supreme Court explained that the probate exception does not foreclose federal courts from exercising otherwise proper jurisdiction and "to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." 326 U.S. at 494 (quoting Waterman v. Canal-

La. Bank & Trust Co., 215 U.S. 33, 43 (1909)). The Supreme Court also observed that a federal court "may exercise its jurisdiction to adjudicate rights" in property in possession of a state court "where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." Id.

Recently, in Marshall v. Marshall, 547 U.S. 293, 296 (2006), the Supreme Court explained the Markham holding in emphasizing the narrowness of the probate exception:

> [W]e comprehend the 'interference' language in Markham as essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Indeed, Markham involved a claim very similar to the claims the plaintiff presents here. In that case, the plaintiff sought and obtained a judgment that declared that certain legatees were entitled to receive the net estate under a will of a decedent. 326 U.S. at 495. In this case, the plaintiff seeks a judgment declaring that she is entitled to a share of the income, and ultimately residual principal, from a trust under a will. A declaration in her favor that she is an income and residuary beneficiary under the Trust and will would be no more of an "interference" than the judgment entered by the district court, and upheld by the Supreme Court, in Markham.

Further, in Count I, the plaintiff here sues the trustee personally for his alleged breach of fiduciary duty and seeks damages to be assessed directly against him. Such a claim works no interference with the probate court's administration of the estate. The doctrine of Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456 (1939), is inapplicable. In Princess Lida, when

4

the federal case was commenced, there was already an ongoing state court action which concerned, among other things, whether trustees of a trust ought to be removed. That circumstance is not presented by an *in personam* suit for damages against the trustee, as is alleged by the plaintiff here. See Lefkowitz v. Bank of N.Y., 528 F.3d 102, 108 (2d Cir. 2007) (observing that, after Marshall, the probate exception can no longer be used to dismiss "widely recognized tort[s] such as breach of fiduciary duty . . . merely because the issues intertwine with claims proceeding in state court").

In sum, the probate exception does not require the Court to decline to exercise its subject matter jurisdiction over the claims set forth in the present complaint.

## III. Abstention

The defendants further argue that even if the probate exception does not bar subject matter jurisdiction for any of the plaintiff's claims, the Court should exercise its discretion to "abstain from adjudicating those issues which it deems to be uniquely probate matters." Berman v. Kessler (In re Berman), 352 B.R. 533, 543 (Bankr. D. Mass. 2006). While the defendants point to several policy reasons for abstention, including general principles of federalism and comity, the backbone of their argument relies on the prospect that issues presented in a federal action are the same issues presented at the same time in a pending state court action. Snow relies heavily on the case of Ditinno v. Ditinno, 554 F. Supp. 996, 1000 (D. Mass. 1983), where the court, presented with many of the same issues that were, in fact, being "presented contemporaneously in a state court," chose to abstain in favor of the pending state action. Here, however, there is no pending state action in which the same or similar issues are presented, so Ditinno is not apposite. The defendants fail to cite any case in which a federal court abstained from exercising jurisdiction because a state court action *might* be filed.

Marshall also has some relevance here. The Supreme Court began its opinion in that case by noting Chief Justice Marshall's admonition in Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821):

> It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.

So here there is not adequate cause for abstention.

### IV. Conclusion

For the foregoing reasons, the defendants' Motions to Dismiss and/or to Abstain (dkt. nos. 6 & 8) are DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge